# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW CRAIGHEAD, #401-525 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-13-2208 |
| WARDEN | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Counsel for the Maryland Division of Correction and the Federal Bureau of Prisons have filed Responses to the Court's Order to Show Cause. ECF Nos. 5 and 6. Respondent asserts that this Court is without jurisdiction to grant the relief sought by Petitioner in his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. The Court determines that a hearing in this matter is unnecessary.

Petitioner Matthew Craighead, an inmate confined to Western Correctional Institution[1] ("WCI") in Cumberland, Maryland, a State Department of Public Safety and Correctional Services facility, seeks to be transferred from the State of Maryland's physical custody to the physical custody of the Federal Bureau of Prisons to continue serving his concurrent federal and state sentences. Specifically, Petitioner asserts he received his federal sentence first and was induced to enter a guilty plea upon the understanding that the sentence would run concurrently with any State sentence and he would serve his sentence in federal custody. ECF No. 1. He asserts that his current detention in Maryland's custody is illegal. Id.

---

[1] The Clerk shall correct the docket to reflect that Petitioner's address has changed.

Respondent states that Petitioner's assertions regarding the legality of his current state custody are erroneous and cite the doctrine of primary jurisdiction, which was relied upon by this Court to deny Petitioner's request to order his transfer to federal custody. ECF No. 5. As background, Petitioner's federal and state terms of incarceration stem from his arrest in Baltimore City, Maryland on March 5, 2010, for offenses occurring one day prior to his arrest. He was initially charged with attempted murder and first-degree assault, among other related charges, and formally indicted for those offenses on March 26, 2010, in the Circuit Court for Baltimore City. ECF No. 5 at Ex. 2. On October 15, 2010, a criminal complaint was filed in this Court charging Petitioner with illegal possession of a firearm as prohibited by 18 U.S.C. § 922(g)(1) in connection with the same events occurring on March 5, 2010. Id. at Ex. 3; see also United States v. Craighead, Criminal Action 10-mj-38856-BPG (D.Md. 2010) at ECF No. 1.

On January 4, 2012, while Petitioner was in state custody awaiting disposition on the state criminal charges, a superseding criminal information was filed in this Court again charging Petitioner with illegal possession of a firearm. ECF No. 5 at Ex. 4; see also United States v. Craighead, Criminal Action L-12-02 (D.Md. 2012) at ECF No. 1. Petitioner waived his right to prosecution by grand jury indictment and, on January 12, 2012, pled guilty, pursuant to a plea agreement, at a hearing before the Honorable Judge Benson Everett Legg of this Court, who sentenced Petitioner to serve 188 months incarceration. Judge Legg added a requirement that Petitioner remain in the custody of the United States Marshal. ECF No. 5 at Ex. 6.

Following sentencing by this Court, Petitioner was returned to State custody for disposition of the pending state charges. Petitioner contacted this Court through counsel seeking intervention on Petitioner's behalf to return him to federal custody as provided in the Court's Order imposing sentence. Id. at Ex. 7. Counsel was informed by the Court in a letter dated

January 31, 2012, that it lacked jurisdiction to require that Petitioner serve his federal sentence before the State of Maryland had the opportunity to dispose of the charges pending against him. Id. at Ex. 8. On February 10, 2012, the Circuit Court for Baltimore City sentenced Petitioner to serve a term of 13 years beginning March 5, 2010. ECF No. 6 at Ex. 1. Petitioner was also sentenced in an unrelated case to serve four years, six months, and 22 days for a violation of probation. Id. at Ex. 9.

On May 2, 2012, Petitioner's counsel again contacted this Court asking Judge Legg to amend the judgment in the federal case so that the federal sentence would run concurrent with Petitioner's state sentences. Id. at Ex. 10. Counsel did not otherwise disagree with the Court's previous observation that it had no jurisdiction to order Petitioner into federal custody to serve his state and federal sentences. On May 8, 2012, Judge Legg amended the judgment in Petitioner's federal case, making the sentence concurrent with the state term. Id. at Ex. 11.

"[W]hen competing claims of jurisdiction between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to exhaust its remedy fully." United States v. Jackson, 327 F.3d 273, 302 (4th Cir. 2003), citing Ponzi v. Fessenden, 258 U.S. 254, 260 (1922). In the instant case, the first court taking subject-matter jurisdiction was the State of Maryland District Court and Petitioner is, therefore, required to serve the sentence imposed by that court in Maryland custody. A prisoner that is subject to prosecution in two sovereigns has no standing to determine the manner or order in which each sovereign proceeds against him. See Jackson, 327 F.3d 302, citing Hayward v. Looney, 246 F.2d 56, 57 (10th Cir. 1957). Maryland may waive its right to exclusive custody to Petitioner, but this Court has no authority to require it to do so. "Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it." Ponzi, 258 U.S. at 260.

Petitioner's current confinement in Maryland custody is, therefore, not improper[2] and the Petition for Writ of Habeas Corpus must be denied. A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall be denied. See 28 U.S.C. § 2253(c)(2).

A separate Order follows.

November 5, 2013

/s/
_____
George L. Russell, III
United States District Judge

---

[2] There is no allegation that matters related to Petitioner's personal safety require his confinement in federal custody. If such a concern were present Petitioner would be required to exhaust state remedies, including administrative remedies seeking an appropriate transfer or implementation of other precautions to protect him.